## DETROIT FIRE & MARINE INS. CO. v. HARKEY. (No. 3533.)

Court of Civil Appeals of Texas. Texarkana.
March 20, 1928.

Rehearing Denied April 26, 1928.

**Insurance** ⊜⟲504—Wind and hail policy provision for pro rata payments by coinsurers held inapplicable, where hail insurance was written by only one insurer.

Where owner of dwelling house insured structure in two companies against damage by wind and one of such policies carried a rider clause insuring roof against damage by hail, *held*, that a provision of such rider clause, that "if there shall be any other tornado insurance on said property this company shall be liable only pro rata with such other insurance, whether such other tornado insurance covers direct loss by hail or not," was inapplicable to permit company writing hail policy to pay only a pro rata share of damage caused to roof by hail.

Appeal from Dallas County Court; Paine L. Bush, Judge.

Suit by E. E. Harkey against the Detroit Fire & Marine Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellee was the owner of a frame dwelling house in Dallas. On May 8, 1926, the roof of the house was completely destroyed for use by hail. The damage amounted to the sum of $225. He brought the suit to recover such amount of damage under the hail damage clause of the policy of insurance for $225 issued by appellant to him on March 24, 1926. The policy provided "against all direct loss or damage by tornado, windstorm, or cyclone, except as herein provided." Also attached to the policy was another clause, in the form of a rider, in these words:

"Hail Damage Clause.

"In consideration of extra premium, it is understood and agreed that this policy shall

cover, subject to all of the terms and conditions thereof, any direct loss or damage to the property herein described by hail, whether accompanied by wind or not; provided, however, if there shall be any other tornado insurance on said property, this company shall be liable only pro rata with such other tornado insurance, whether such other tornado insurance covers direct loss by hail or not."

The policy contains the further provision:

"It must be understood that this insurance covers concurrently with other insurance of like kind on same property, whether other insurance specifically applies to the roof or not. Other concurrent insurance permitted without notice until required."

The policy specifically limited the property insured to "the roof" of the house, excluding all other construction supporting or holding the roof in position.

The appellant answered, admitting the issuance of the policy and the loss and the amount of loss, and tendered the sum of $29.-35 in full payment of legal liability, specially claiming that, in the circumstances, such amount was its proportionate contribution to the loss, and that its liability was not for the full sum of $225 under the express stipulations of the pro rata clause.

The case was tried before the court on an agreed statement of facts, and the court rendered judgment for the appellee for the full sum of $225. The agreed facts are, substantially:

That the appellant, on March 24, 1926, issued to the appellee the policy sued on for $225. That the policy specifically provided that only the roof of the house was insured against damage or loss either by windstorm, cyclone, tornado, or hail. The pertinent provisions of that policy have been hereinabove set out. That the Hanover Fire Insurance Company also, on March 24, 1926, issued to appellee a policy containing the following:

"Does insure E. E. Harkey * * * against all direct loss and damage by windstorm, cyclone, and tornado, except as herein provided, to an amount not exceeding $1,500 to the following described property: On the one-story, composition roof frame building, and inclosed additions adjoining and communicating, including heating and lighting apparatus and all permanent fixtures."

That the Hanover policy covered the whole house, including the roof, as to damage or loss by windstorm, cyclone, or tornado. That such policy did not cover loss or damage by hail. Further:

"On May 8, 1926, the roof of said building was completely destroyed by hail. The hail was accompanied by a windstorm, but the loss to said roof and property was the direct loss occasioned by hail, and same was not damaged to any extent at all by the accompanying wind. Said loss was a complete and total loss of said roof, and the damage was in the sum of $225. Defendant declined to pay the plaintiff the $225,

tendering to the plaintiff the sum of $29.35, claiming as its reason for so doing that its liability was only in that sum under the phrase in said hail clause which reads as follows:

" 'Provided, however, if there shall be any other tornado insurance on said property, this company shall be liable only pro rata with such other insurance, whether such other tornado insurance covers direct loss by hail or not.' "

E. G. Senter and Olin E. Nesmith, both of Dallas, for appellant.

Ballowe & King, of Dallas, for appellee.

LEVY, J. (after stating the facts as above). The question on appeal is that of whether or not the proviso in the policy, restricting the liability of the company in case "there shall be any other tornado insurance on said property" to "only a pro rata" of any loss that may occur, will apply in the special facts of the present case. It is believed that the proviso cannot avail the appellant in the facts and that it is liable to pay the full amount underwritten by it. The pertinent and controlling fact, as agreed to, is that:

"The loss to said roof and property was the direct loss occasioned by hail, and same was not damaged to any extent at all by the accompanying wind."

The policy of the Hanover Company did not cover loss by hail. The undertaking of the appellant company was to pay the damage directly caused to the roof of the house either (1) by hail as the sole force or agency in the damage, or (2) by hail accompanied by a windstorm as two forces present and in union as an active agency in the damage. That is the plain meaning of the "hail damage clause," which expressly insured against damage "by hail, whether accompanied by wind or not." But as the proviso had in view restraining and imposing a qualification on the provisions immediately preceding it, its meaning and effect is of importance. From the language of the proviso it is evident that the restraint or qualification was designed to have application to the one particular only; namely, of damage directly caused "by hail accompanied by wind" or tornado, in case such two forces, of hail and tornado, are present in union as an active agency in the damage to the roof insured. The limitation is expressly made of effect conditionally; namely, "if there shall be any other tornado insurance on said property." And the purpose of the condition, as is evident, is only to make a proportionate contribution to the loss, "pro rata with such other tornado insurance," in case damage is directly caused by hail and tornado as two forces in union as an agency of damage, even though "the other tornado insurance" does not cover damage "by hail." The proviso does not, by language or intendment, undertake to restrict or limit the liability of the company to a pro rata payment of the loss in case the damage

is directly caused wholly by hail. And such intent not appearing, the proviso must be strictly limited to its terms.

The proviso may not be construed, as insisted, as meaning to restrict the liability of the company to a pro rata of loss at all events, even though the damage was occasioned wholly by hail and not "to any extent at all by the accompanying wind," upon proof merely of the existence of "other tornado insurance."

The judgment is affirmed.